JAMES WRIGHT *vs.* COLUMBIA HUNTRESS.

Somerset. Opinion June 21, 1883.

*Insolvency. Discharge.*

Since the passage of acts amendatory of the insolvent law, (stat. 1878, c. 74) the certificate of discharge should allege a compliance with the original act, and "of all acts amendatory thereof," in order to establish a valid discharge.

ASSUMPSIT on a promissory note of two hundred dollars. The writ was dated August 12, 1881. The defendant at the September

term, 1882, filed a plea in bar, setting up a discharge in insolvency. To this the plaintiff demurred, and the demurrer being overruled, he alleged exceptions.

The following is the certificate of discharge, set out in the defendant's plea.

"State of Maine.

"Somerset, ss. Court of insolvency. In the case of *Columbia Huntress*, of Harmony, in said county of Somerset, insolvent debtor.

"Whereas, *Columbia Huntress*, of Harmony, in said county of Somerset, has duly assigned his estate for the benefit of his creditors, according to the provisions of an act of said state of Maine, entitled "an act in relation to the insolvent laws of Maine," approved on the twenty-first day of February, A. D. 1878, and appears to have conformed to all the requirements of the law in that behalf;

"It is therefore ordered by the court that said *Columbia Huntress* be, and he hereby is, forever discharged from all debts and claims, which by said act are made provable against the estate of said debtor, and which existed on the fourth day of October, A. D. 1881, on which day the petition for proceedings was filed in said case; excepting such debts, if any, as are by said act excepted from the operation of a discharge in insolvency.

[Seal.] "Given under my hand and the seal of said court, at Skowhegan, in said county of Somerset, this fifth day of September, A. D. 1882.

"Albert Moore, judge of said court of insolvency, for said county of Somerset."

*James Wright*, for the plaintiff.

*E. N. Merrill*, for the defendant.

APPLETON, C. J. This is an action of assumpsit on a promissory note, to which the defendant pleads in bar a discharge under the provisions of the insolvent law of this state.

The petition of the defendant was filed in the court of insolvency on the fourth day of October, 1881, and the certificate of discharge bears the date of September 5, 1882.

The plea is in accordance with c. 74, § 45, of the acts of 1878. It sets forth the certificate of discharge.

The question presented is, whether the certificate, which by that section is made conclusive, shows a valid discharge, and we think it does not.

The certificate shows only a compliance with the provisions of an act of the state of Maine, entitled, " An act in relation to the insolvent laws of Maine," approved on the twenty-first day of February, 1878. It contains no reference to subsequent amendments.

Now by c. 154, § 18, of the acts of 1879, § 40, c. 74, of the acts of 1878, is amended by adding at the close of section forty, these words : "If it shall appear to the court that the insolvent has in all things conformed to his duty under this act, *and all acts amendatory thereof*, and that he is entitled under the provisions thereof to receive a discharge, the court shall grant him a discharge from all his debts, except as hereinafter provided, and shall give him a certificate thereof under the seal of the court." The same provision is re-enacted in c. 199, § 18, of the acts of 1880.

The insolvent debtor must show a compliance, not merely with the provisions of the original act, but with all subsequent and amendatory acts. This has not been done. The certificate does not allege that the insolvent has complied with the provisions of the acts amendatory of the original act of 1878, c. 74, and affords no sufficient answer to the plaintiff's suit.

*Exceptions sustained.*
*Plea bad.*

BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.